department, entered March 29, 1923, unanimously affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. The complaint alleged that the plaintiff was a passenger occupying a coach of the defendant, and that the defendant negligently and carelessly permitted its agent and servant, and agents and servants of the corporation with which defendant has a contract for the carriage of its, defendant's, passengers, to stab, cut, assault and wound this plaintiff with a knife, and this defendant did carelessly and negligently fail to afford and furnish to this plaintiff the protection the defendant is required to furnish its passengers. At the time of the alleged assault, the porter committing the same, who was concededly in the employ of the Pullman Company, had left the Pullman car to which he was assigned, for the purpose of assisting to a coach an intending passenger who did not have Pullman transportation, the assault occurring after said porter had left his said car, had walked the length of the station platform, and had boarded said coach.

*Warnick J. Kernan* for appellant.
*M. William Bray* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ. Not voting: HISCOCK, Ch. J.

---

HOPE L. BRAGG, Respondent, *v.* GEORGE C. TAYLOR, as President of the AMERICAN EXPRESS COMPANY, Appellant.

*Carriers — express company — liability for value of goods damaged by fire while in warehouse awaiting instructions as to delivery.*

*Bragg* v. *Taylor*, 205 App. Div. 59, affirmed.
(Argued October 9, 1923; decided October 23, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial

department, entered April 13, 1923, unanimously affirming a judgment in favor of plaintiff entered upon a verdict. The action was to recover the value of goods, delivered to defendant, a common carrier, and damaged by fire while in one of defendant's warehouses. The answer set forth two special defenses. The first defense was that the shipment, when damaged, was being held by the defendant in its warehouse in New York in accordance with the instructions of the plaintiff for her convenience; that the defendant was not acting as a carrier but as a warehouseman at the time of the damage; that the damage was not caused by any negligence or fault on the part of the defendant, and that the defendant is not liable therefor. The second defense was that the shipment with the shipper's authorization was made under an agreed valuation of not exceeding fifty cents per pound; that the plaintiff received the benefit of the lower rates of transportation for a shipment of such value and cannot now assert that the shipment was of a greater value than that represented at the time of shipment.

*Edwin DeT. Bechtel* and *A. Delafield Smith* for appellant.
*J. M. Fiero, Jr.,* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

CLARA M. CRAMER, Respondent, *v.* MELANCHTHON W. PERINE et al., Appellants.

*Appeal — failure to prosecute.*

*Cramer v. Perine,* 197 App. Div. 218, appeal dismissed.

(Submitted October 15, 1923; decided October 23, 1923.)

MOTION to dismiss an appeal from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 12, 1921, reversing a judgment in favor of defendants entered upon a decision of the court on trial at Special Term and granting a new trial.

The motion was made upon the ground of failure to prosecute and abandonment of the appeal.